■ YVETTE BAUMGARTEN, Respondent, v. MIRIAM BRATT, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, defendant Bratt appeals from an order of the Supreme Court, Kings County, dated February 23, 1960, entered in Queens County, which grants plaintiff's motion to direct defendants to accept service of plaintiff's late bill of particulars, and which in effect opens plaintiff's default in having failed to serve said bill by October 7, 1959, pursuant to an order of the Supreme Court, Queens County, entered by consent of the parties on August 3, 1959. Under the latter order plaintiff was precluded from offering evidence at the trial with respect to matters as to which a bill of particulars had been demanded, unless plaintiff served the bill within 60 days after the service of a copy of said order — a copy having been duly served on August 6. 1959. Order, dated February 23, 1960, reversed, with $10 costs and disbursements, and motion denied, with $10 costs, without prejudice to renewal upon proper affidavits reciting the *facts* showing a meritorious cause of action and a meritorious excuse for plaintiff's failure to serve the bill of particulars in accordance with the terms of the preclusion order of August 3, 1959. The present record furnishes a wholly inadequate basis for the exercise of the court's discretion in opening plaintiff's default under the preclusion order. No *facts* are set forth establishing an excusable default for plaintiff's inordinate delay in serving the bill of particulars. Nor are any *facts* set forth showing the merits of the action. Beldock, Acting P. J., Christ, Pette and Brennan, JJ. concur.